# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS



Hon. Royall R. Watkins
For State Board of Edu-
cation of Texas
1201 Main Street
Dallas, Texas

Opinion Number O-5671
Re: Can the State Board of Education
approve high school tuition and trans-
portation and the per capita payment
of children taught by the receiving
school when the sending district is
otherwise eligible under the equali-
zation statutes, and none of the grades
are taught in the home district?

Dear Sir:

And other questions concerning the ad-
ministration of the Equalization Law.

We acknowledge receipt of your letter of recent date,
in which you request our opinion on the following questions:

"(1)  Can the State Board of Education approve
high school tuition and transportation and the per
capita payment of children taught by the receiving
school when the sending district is otherwise eligi-
ble under the equalization statutes, and none of
the grades are taught in the home district?

"(2)  Can the State Department of Education le-
gally approve any transfers for the 1942-43 scholas-
tic year, at any time during 1943, and date such
transfers back prior to August 1, 1942?

"(3)  In preparing the Budgets for the various
schools, can there be eliminated from the Budget of
the sending district, for the benefit of the receiv-
ing school, the per capita on pupils not contracted
nor transferred and who are not eligible for High
School tuition whose grades are not taught in the
district of residence but who are attending another
school?

"(4)  May there be eliminated from the Budget
of the sending district the per capita and pro rata
share of the local maintenance on pupils not con-
tracted nor transferred and who are not eligible for
High School tuition for the reason that they are not

prepared to enter a High School grade and whose grades are not taught in the district of residence but who are attending another school?

"(5) Under the Rural Aid Law for 1942-43 can a school district be allowed to pay its own cost of instruction for elementary tuition; that is, allowing for each scholastic their part of the per capita and their share of local maintenance tax to be charged into the Salary Aid Budget as expenditures?

"(6) Now, since the general law requires that the trustees of a district provides a school for all the children who live in their district or pay the cost of teaching them in another district where they do attend, and since the general law also provides that elementary tuition be paid in the same manner as high school tuition, and since the Transportation Aid provides for the transportation of these elementary children whose grades are not taught at home even though they are not from contracted districts, and since Salary Aid provides for a supplement to the State Available and Local Maintenance Fund to pay the approved cost of instruction on elementary children from the contracting districts, is there anything in the general law or the Rural Aid Law that will prohibit a supplement from the Salary Aid Fund 'to cover the approved cost of instruction per scholastic in the receiving school' for pupils who are not from a contracted district but whose grades are not taught in the home, or sending district?"

We shall attempt to answer your questions in numerical order.

1. Your first inquiry pertains to three classes of State school funds, and the allotment of each type of aid is governed by statutory provisions not applicable to either of the others. In consequence, we will consider the question as having three parts, one relating to each type of fund inquired about, and will attempt to answer the questions accordingly.

(a) **Per capita apportionment.** Under the laws governing distribution of the available school fund, the per capita apportionment is distributed to the district in which the child is enumerated, usually his home district. The statutes do provide, however, for the transfer of the scholastic to another district in the instances enumerated in the statutes. Revised Statutes, Arts. 2695-2699, incl.; Art. 2922L-1, Vernon's Annotated Civil Statutes. Where the scholastic is transferred within

the time and in the manner prescribed by law, the per capita apportionment follows him to the district to which he is so transferred; excepting the instances where the scholastic is transferred in one of the modes prescribed by statute, the per capita apportionment on such scholastic is payable only to the district wherein he is enumerated. Art. 2699, Revised Statutes; Love vs. City of Dallas, 40 S.W. (2) 20; McCorkle vs. Trustees of Robinson Springs School District No. 76 of Comanche County, (Tex.Civ.App.) 121 S.W. (2) 1048.

(b) <u>Transportation aid</u>. Transportation aid allowable during the school year 1942-43 was governed by the provisions of Article V of Chapter 549, Acts 47th Legislature. Whether transportation aid could be paid upon a child attending school in a district other than his home district depended upon: (1) whether his grade was taught in his home district, (2) whether payment of transportation aid is otherwise allowed under Article V (e.g., transportation aid is not allowable upon a child who resides within two and one-half miles of the school he attends), and (3) that need therefor can be shown as required by Article V.

(c) <u>High school tuition</u>. High school tuition is payable out of the appropriation made in Chapter 549, supra, in accordance with the provisions of Article IV. By that subdivision of the equalization aid appropriation act, high school tuition "shall be paid according to the provisions of this Act." House Bill No. 158 is listed in Vernon's Annotated Civil Statutes as Article 2922L-1.

Where a high school student, who has completed the grades taught in his home district, is transferred to a high school in another district in his home county, in accordance with Article 2922L-1, supra, his per capita money should be transferred to the school he attends, and is dedicated to payment of his tuition there so far as it will do so. If he attends school in a district outside the county of his residence, transfer of his per capita funds is accomplished by payment of the same by his home district to the receiving district.

The additional moneys which may be allowed as high school tuition upon high school students transferred under Article 2922L-1 from their home district, wherein their grades are not taught, to a convenient district maintaining a standardized or affiliated high school, are governed by the limitations of Article IV of Chapter 549 and the provisions of Article 2922L-1. We doubt our ability to state those conditions more plainly than is done by the Legislature; we therefore refrain

from attempting to do so, and respectfully refer you to those statutory provisions as to questions not answered by the above discussion.

2. The State Department of Education does not approve transfers. Transfers are made by the County Superintendent, and Article 2696 provides that no transfers shall be made after August 1. See Opinion Number O-808, a copy of which is enclosed herewith.

3. The law provides a method by which a pupil whose grades are not taught in his home district to attend another school. This method is by transfer or by contract. In cases where the pupil has not been transferred in accordance with Articles 2695, 2696, 2697 and 2698, and no agreement has been made with another district as authorized by Section 2, Article VIII, H. B. 284, Acts of the 47th Legislature, Regular Session, we find no law authorizing anyone to eliminate from the budget of the sending district for the benefit of the receiving district the per capita on such pupils.

4. Where pupils are not transferred nor contracted we find no law authorizing the elimination from the budget of the sending district the per capita and pro rata share of maintenance of pupils who are not eligible for high school tuition. The Legislature simply did not make any provision for transferring funds unless and until the pupils are transferred in one of the methods provided.

5. We held in our Opinion Number O-5413 that elementary tuition is not allowable under Chapter 549, supra, except in the one instance provided for in Section 2 of Article VIII where the entire scholastic enrollment is transferred as provided in that section. True, the question there considered concerned the payment of the money to the receiving district; and the question here is, in effect, whether elementary tuition can be paid by the sending district to the receiving district, and the sending district be reimbursed therefor out of equalization aid funds. Your question must be answered negatively; since the Legislature has not allowed the payment of elementary tuition directly to the receiving district, it follows that the payment of elementary tuition to the receiving district cannot be accomplished by indirection through payment of the amount to the receiving district by the sending district and reimbursement of the sending district out of equalization aid funds for the deficit caused thereby.

6. We find no law providing for the "approved cost

of instruction" for pupils who have not been transferred and who are not from a contracted sitrict, neither do we find any law authorizing such a grant of Salary Aid, and therefore no such grant may be made.

We have studied your questions carefully and sympathetically, and it is with regret that we feel that we can not make a different answer to your questions, but, as stated in our Opinion Number O-5413, "the power to pass statutes and make appropriations of public moneys is lodged in the Legislature -- not in the Attorney General or the State Superintendent ***".

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ C. F. Gibson
C. F. Gibson, Assistant

APPROVED DEC 7, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This opinion considered and approved in limited conference.

CFG-s:wb
Encl.